[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15180
Non-Argument Calendar

_____

D. C. Docket No. 07-00024-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR M. BELTRAN RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 25, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Victor M. Beltran Rodriguez appeals from his 156-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine

hydrochloride, 21 U.S.C. §§ 841(a)(1), (b)(1), and 846 ("Count 1"), and possession with intent to distribute five kilograms or more of cocaine hydrochloride, 21 U.S.C. § 841 (a)(1), and (b)(1)(A) ("Count 2"). On appeal, Beltran argues that he received ineffective assistance of counsel because his counsel made no objections to: (1) the facts in the PSI; and (2) two Sixth Amendment errors that occurred when the district court found that Beltran was a manager or supervisor, under U.S.S.G. § 3B1.1(b), even though this was not charged in the indictment or found by the jury, and when the district court found a drug quantity that was in excess of the amount to which he pled guilty. After thorough review, we affirm.

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to de novo review." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (quotations omitted). "We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." Id. However, we can review an ineffective assistance of counsel claim irrespective of whether the district court held an evidentiary hearing, so long as "there is sufficient evidence in the trial record regarding the claim." United States v. Camacho, 40

F.3d 349, 355 n.6 (11th Cir. 1994), overruled in part on other grounds by United States v. Sanchez, 269 F.3d 1250 (11th Cir. 2001).

An ineffective assistance of counsel claim is considered under the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to prove ineffective assistance of counsel, a defendant must show (1) that counsel's performance was constitutionally deficient, and (2) that he was prejudiced as a result.  Id.  If the defendant makes an insufficient showing on one component, the court need not address the other.  Id. at 697.  Counsel's representation is judged by an objective standard of reasonableness, and "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 688-89.  Unless the defendant can rebut the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," he cannot show that counsel's performance was constitutionally deficient.  Id. at 689.  We also have noted that counsel is "not ineffective for failing to raise a nonmeritorious issue."  Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001).

If the district court applies the guidelines as advisory, nothing in Booker prohibits district courts from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission or facts found by the jury.  United States v. Chau, 426 F.3d 1318, 1324 (11th Cir.

3

2005).  Extra-verdict enhancements "remain[] a constitutional part of guidelines sentencing in the post-Booker era," where the guidelines are applied in an advisory manner. United States v. Rodriguez, 398 F.3d 1291, 1301 (11th Cir. 2005).

As an initial matter, Beltran's claim of ineffective assistance of counsel is ripe for disposition on direct appeal because the record is sufficiently developed to consider the claim.   Camacho, 40 F.3d at 355 n.6.  Turning to the merits, Beltran's claim that his counsel should have objected to the facts in the PSI fails because Beltran himself twice told the court that he had read the PSI and had no objections to the facts in the PSI or to the application of the Guidelines to those facts. Moreover, Beltran does not even argue on appeal that these facts were inaccurate; rather, he simply says that his counsel was ineffective for failing to object to them. He thus has not shown that counsel's errors, if any, "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693.

Likewise, we are unpersuaded by Beltran's contention that the district court violated Beltran's Sixth Amendment rights by finding certain facts by a preponderance of the evidence.  The district court clearly treated the guidelines as advisory, and sentenced Beltran to a sentence below that which was authorized by the counts of conviction.   Chau, 426 F.3d at 1324. In short, counsel was not

4

ineffective for failing to raise these nonmeritorious objections in the district court. Chandler, 240 F.3d at 917.[1]

We therefore affirm Beltran's sentence.

**AFFIRMED.**

---

[1] Because Beltran asserts for the first time in his reply brief that the district court's explanation of the chosen sentence was insufficient to satisfy 18 U.S.C. § 3553(c), this issue is waived and we will not address it. United States v. Day, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005).